**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| SERLIN PAZ, AKA Nelsi Banagas, AKA Serlin Jonelyn Paz, AKA Serlin Ramos Paz, AKA Serlin Jonelin Paz Sosa, | No. 17-72387 |
| Petitioner, | Agency No. A072-524-619 |
| v. | MEMORANDUM* |
| WILLIAM P. BARR, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 13, 2020**

Before: GRABER, TALLMAN, and CLIFTON, Circuit Judges.

Petitioner Serlin Paz seeks review of the Board of Immigration Appeals'

("BIA") final order affirming the immigration judge's ("IJ") denial of her requests

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

for withholding of removal and relief under the Convention Against Torture ("CAT"). We deny the petition.

1. Substantial evidence supports the BIA's determination that the IJ did not clearly err in concluding that Petitioner is not eligible for withholding of removal on account of her family membership. See Shrestha v. Holder, 590 F.3d 1034, 1039 (9th Cir. 2010) (stating standard). Petitioner did not present any evidence that she was raped because of her family ties. And Petitioner testified that her brother was killed because of his gang affiliation, not because of his family. Although Petitioner's father and sister were threatened by gang members and told to leave the area where they lived, they were not harmed and were able to relocate safely. Substantial evidence thus supports the conclusion that Petitioner and her family did not suffer past persecution on account of their family membership. See Lim v. INS, 224 F.3d 929, 936 (9th Cir. 2000) ("Threats standing alone . . . constitute past persecution in only a small category of cases, and only when the threats are so menacing as to cause significant actual 'suffering or harm.'"). Petitioner also failed to establish that it is more likely than not that she would suffer future persecution if she returned to Honduras. See Hakeem v. INS, 273 F.3d 812, 816 (9th Cir. 2001) ("An applicant's claim of persecution upon return is weakened, even undercut, when similarly-situated family members

2

continue to live in the country without incident, . . . or when the applicant has returned to the country without incident.") (citations omitted), <u>superseded by statute on other grounds as stated in</u> <u>Ramadan v. Gonzales</u>, 479 F.3d 646 (9th Cir. 2007).

2. Petitioner waived review of the cognizability of her proposed social group of "women in Honduras who were raped with no state action." Petitioner did not challenge on appeal, either to the BIA or to this court, the IJ's determination that her proposed social group is not cognizable. <u>See</u> <u>Smith v. Marsh</u>, 194 F.3d 1045, 1052 (9th Cir. 1999) (holding that arguments not raised in a party's opening brief generally are waived).

3. Finally, substantial evidence supports the BIA's determination that Petitioner did not demonstrate eligibility for CAT relief. <u>See</u> <u>Shrestha</u>, 590 F.3d at 1048 (stating standard of review and CAT standard). The evidence does not compel the conclusion that it is more likely than not that Petitioner would be tortured if she returned to Honduras. Petitioner has not had direct contact with her rapist since 1993 (except for a phone call in 2009 that she suspected was from him), and he is currently incarcerated. Even if Petitioner could show that it is more likely than not that her rapist would attack her, she did not establish that any attack would be "with the consent or acquiescence of a public official." 8 C.F.R.

§ 1208.18(a)(1). Honduran authorities arrested and convicted Petitioner's rapist for rape, and he is currently serving a 30-year sentence.

The record also supports the conclusion that Petitioner could safely relocate to another part of Honduras. Id. § 1208.16(c)(3)(ii); see Maldonado v. Lynch, 786 F.3d 1155, 1163–64 (9th Cir. 2015) (en banc) (noting that a petitioner's ability to safely relocate is relevant to the possibility of future torture). Petitioner's family relocated to another part of Honduras after Petitioner's brother was killed, and they have lived there safely for the past fifteen years.

**PETITION DENIED.**